IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT F. HAARMANN, <br> TDCJ #1427509, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-11-3156 |

## MEMORANDUM AND ORDER

Texas inmate Albert F. Haarmann (TDCJ #1427509) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction.  After reviewing the petition, the Court issued an order directing Haarmann to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d) [Doc. # 3].  Haarmann has filed more than one response.  [Docs. # 6, # 8, # 10].  He has also filed a motion for appointment of counsel and a motion for discovery [Docs. # 7, # 9].  After considering all of the pleadings, and the applicable law, the Court **denies** the motions filed by Haarmann and **dismisses** this case for reasons that follow.

I.     **BACKGROUND**

Haarmann is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") as the result of a conviction for sexual assault in San Jacinto County cause number 8843.  According to exhibits provided by

Haarmann, the State presented evidence that Haarmann sexually and physically assaulted the victim (a 17-year-old acquaintance who suffered from a learning disability) after plying the victim with alcohol and locking him in his RV. The victim escaped and called for help. Police arrived to find Haarmann unconscious, having attempted suicide by overdosing on pills. After hearing all of the evidence, a jury in the 411th District Court of San Jacinto County, Texas, found Haarmann guilty as charged on February 8, 2007. Haarmann received a sentence of twenty years' imprisonment.

On direct appeal, Haarmann challenged the legal and factual sufficiency of the evidence. An intermediate court of appeals rejected Haarmann's arguments and affirmed the conviction. *See Haarmann v. State*, No. 13-07-233-CR (Tex. App. — Corpus Christi, Feb. 14, 2008) (unpublished). Haarmann did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals.

On June 9, 2010, Haarmann challenged his conviction further by filing a post-judgment application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Haarmann*, No. 8843-A. In that petition, Haarmann complained that he was denied effective assistance of counsel at trial and on appeal. Haarmann also claimed that the State engaged in prosecutorial misconduct by failing to correct false or misleading trial testimony given by the victim. The trial court entered findings of fact and recommended that relief be denied. After undertaking an independent review of all the evidence in the record, the Texas Court of Criminal Appeals denied relief

on August 25, 2010, in unpublished opinion. *See Ex parte Haarmann*, No. 74,213-01, 2010 WL 3430873 (Tex. Crim. App.) (per curiam).

Haarmann filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254 on August 23, 2011.[1] In this petition, Haarmann repeats the same claims that he raised on state habeas corpus review, namely, that he was denied effective assistance of counsel and that the prosecutor engaged in misconduct by failing to correct false trial testimony from the victim. For reasons discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Haarmann in the Court's show-cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly

---

[1]     The Clerk's Office received Haarmann's petition on August 29, 2011, and filed it the same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Because Haarmann executed the petition on August 23, 2011, this case is considered filed on that date under the "mailbox rule."

appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Haarmann challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings reflect that Haarmann was convicted on February 8, 2007, and that his conviction was affirmed on February 14, 2008. Although Haarmann did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later. *See* TEX. R. APP. P. 68.2(a). As a result, Haarmann's conviction became final for purposes of federal habeas corpus review on March 15, 2008. That date triggered the statute of limitations found in the AEDPA, which expired one year later on March 15, 2009. Thus, Haarmann's pending federal habeas corpus petition, executed on August 23, 2011, is late by more than two years and is therefore time-barred unless a statutory or equitable exception applies.

**A.   Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Haarmann filed a state

application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on June 9, 2010, which the Texas Court of Criminal Appeals denied on August 23, 2010. *See Ex parte Haarmann*, No. 74,213-01, 2010 WL 3430873 (Tex. Crim. App.). Because this application was filed well after the federal habeas deadline had already expired, this proceeding does not toll the statute of limitations for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

In his response to the show cause order, Haarmann blames his delay on the refusal of state officials to promptly turn over a copy of documents found in the prosecutor's file in response to his repeated requests under the Texas Public Information Act, which is found in Chapter 552 of the Texas Government Code.[2] Haarmann indicates that he sent requests for documents under the Texas Public Information Act to the Sheriff's Department, the District Attorney, the Attorney General's Office, and the Texas Governor in August and September of 2008, February of 2009, and December of 2010 [Docs. # 8, # 10, Exhibits]. Haarmann contends that, although he made multiple requests to these officials, he was only told that government entities were not required to provide documents under the Texas Public Information Act to individuals who are imprisoned or confined in a correctional facility. *See* TEX. GOV'T CODE § 552.028. On June 9, 2010, Haarmann filed his state habeas corpus

---

[2] In particular, Haarmann requested a copy of the complaint that issued in May of 2003, the offense report, the "sheriff's dispatch log" of the 911 call, a transcript of the victim's custodial interrogation, and any "bond-bail or release papers" executed by the victim. Haarmann also requested copies of a "fugitive warrant" and his waiver of extradition from the State of Washington in 2005.

application under Article 11.07. Subsequently, on July 23, 2010, the Sheriff's Office provided Haarmann with a copy of the victim's written statement. Several months later, in December of 2010, the District Attorney's Office provided Haarmann with the offense report and several other witness statements. Haarmann complains that he was prevented from complying with the AEDPA statute of limitations as a result of a state-created impediment for purposes of 28 U.S.C. § 2244(d)(1)(B).

To establish a state-created impediment under § 2244(d)(1)(B), a habeas petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). For reasons outlined briefly below, Haarmann does not satisfy this criteria because he does not show that he denied access to records in an unconstitutional manner or that he was prevented from filing a petition for lack of access to documents.

First of all, the Constitution does not automatically require state officials to provide an indigent defendant with a free trial transcript and other records. *See Kunkle v. Dretke*, 352 F.3d 980, 985-86 (5th Cir. 2003). The Fourteenth Amendment Due Process and Equal Protection Clauses only require states to provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review. *See Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956). However, the state is not "obligated to automatically supply a complete verbatim transcript," *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980), and a state need not waste its funds providing for free those parts of the transcript that are not "germane to consideration of the appeal." *Draper v. Washington*, 372 U.S. 487, 495 (1963).

"[N]or is the state required to furnish complete transcripts so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial." *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982). Likewise, it is well established that an indigent inmate does not have a federally-protected right to a free copy of his transcript or other court records for use in a collateral proceeding. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975) (citations omitted); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971). Haarmann does not establish that he was entitled to the records he requested in this instance or that the documents were material to his claims.

Second, the Court notes that Haarmann's claims primarily take issue with testimony given by the victim at trial and his counsel's performance. Haarmann, who was present at trial, does not allege facts showing that he was unaware of the factual predicate for his claims or that access to state records was essential for raising these claims on collateral review. Although Haarmann claims that state officials delayed providing him with documents, he fails to explain with specificity what the records would have shown. Nor does he demonstrate with clarity how the requested records were material to his claims. Thus, to the extent that Haarmann lacked access to certain records, he does not establish that he was prevented from filing a timely petition as the result of a state-created impediment. *See* 28 U.S.C. § 2244(d)(1)(B).

Haarmann does not satisfy any other criteria for statutory tolling. In that regard, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously

if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save Haarmann's late-filed claims.

### B. Equitable Tolling

Haarmann concedes in his response to the show-cause order that his federal petition is untimely [Doc. # 6, at 1]. Pointing to the number of requests that he made to state officials for copies of the prosecutor's file, Haarmann appears to seek equitable tolling to excuse his delay on this basis. His argument falls short for reasons that follow.

The statute of limitations on habeas corpus review may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to establish that equitable tolling is justified. *See id.*; *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

As noted above, Haarmann was convicted of sexual assault on February 8, 2007, and the conviction became final on March 15, 2008. The exhibits provided by Haarmann show that he waited over six months after that date, until September of 2008, to begin requesting documents in connection with his claims. Because Haarmann waited six months or more to begin requesting documents from officials regarding his case, he does not demonstrate that

he pursued relief with the requisite due diligence. Likewise, Haarmann does not allege specific facts establishing that he was prevented from pursuing habeas relief for lack of the documents he requested. Haarmann filed his state habeas corpus application, without the benefit of the above-referenced records, on June 9, 2010. More importantly, after the Texas Court of Criminal Appeals denied that application on August 25, 2010, Haarmann waited nearly an entire year, until August 23, 2011, to execute his federal habeas petition, which raises the same claims presented in state court. Haarmann offers no explanation for his delay in seeking federal review of his conviction. Under these circumstances, equitable tolling is not available. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Even assuming that Haarmann pursued documents from the police investigation and the prosecutor's file with some diligence, he does not show that equitable tolling is appropriate for lack of records under these circumstances. As noted previously, the facts underlying Haarmann's claims would have been evident at his trial. The Fifth Circuit has recognized that a habeas corpus petitioner is not entitled to an extended delay while he gathers "every possible scrap of evidence that might support . . . his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Thus, lack of access to state court records by an inmate does not present an "exceptional circumstance" that would warrant equitable tolling. *See Roughley v. Cockrell*, No. 01-11378, 2002 WL 1899622 (5th Cir. July 12, 2002) (unpublished) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, No. 99-40878, 2000 WL 1029201 (5th Cir. July 14, 2000) (unpublished) (rejecting a claim for equitable tolling based on delay in receiving

9

a copy of state court records); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

Haarmann's argument that his delay should be excused for lack of state court records is really an argument that equitable tolling is warranted because of his status as a *pro se* prisoner. It is well settled in the Fifth Circuit that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although Haarmann proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all,"restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's clear lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Haarmann has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### III. THE PETITIONER'S MOTIONS

---

[3] The Court notes, in the alternative, that Haarmann's claims were rejected by the Texas Court of Criminal Appeals, which conducted an independent review of the record. *See Ex parte Haarmann*, No. 74,213-01, 2010 WL 3430873 (Tex. Crim. App.). The claims outlined in the petition and the memorandum are conclusory and are insufficient to raise a constitutional issue. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983); *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982). More importantly, to the extent that the claims were adjudicated on the merits, Haarmann fails to demonstrate that the state court's decision was contrary to or involved an objectively unreasonable application of clearly established Supreme Court precedent. Thus, Haarmann does not establish that he is entitled to relief under the governing standard of review found at 28 U.S.C. § 2254(d). Because the petition is untimely, the Court does not address the merits further.

Haarmann has filed a motion for discovery in the form of a request for production of documents [Doc. # 9]. Discovery is limited in habeas corpus proceedings. "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.* "Simply put, Rule 6 does not authorize fishing expeditions." *Id.*; *see also Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Haarmann requests documents in eight broad categories, which mainly concern the police investigation, grand jury testimony, and statements given by the victim during a forensic interview at the "Childrens Safe Harbor" facility located in Conroe, Texas, following the offense [Doc. # 9, at 4-5]. Haarmann provides no facts in support of his request for these documents and no explanation for his failure to obtain these documents previously.[4] Other than his own conclusory assertion that the prosecutor withheld evidence

---

4   The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that
(continued...)

or failed to correct false testimony by the victim, Haarmann does not describe what the documents will show or demonstrate how the information will entitle him to relief. This speculative request falls far short of the showing of good cause necessary to permit discovery under Rule 6. For this reason, his motion for discovery must be denied.

Haarmann has also filed a motion for appointment of counsel [Doc. # 7]. Habeas corpus proceedings in federal court are civil actions for which there is no absolute constitutional right to the assistance of counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *see also Fairman v. Anderson*, 188 F.3d 635, 642 (5th Cir. 1999) (explaining that "there is no constitutional right to counsel on habeas review"). Here, Haarmann requests the assistance of counsel for the purpose of conducting discovery. Because Haarmann has not established good cause to conduct discovery in connection with this proceeding, or proposed a valid basis for tolling the statute of limitations, his motion for appointment of counsel will be denied as well.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions

---

[4](...continued)
was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). To the extent that the petitioner seeks evidence that was not presented in state court, his request for discovery must be denied.

filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fifteen

years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motions for appointment of counsel and discovery [Docs. # 7, # 9] are **DENIED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 28</u>, 2011.

_____
Nancy F. Atlas
United States District Judge